UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ERIK ESTAVILLO, | Case No. 21-cv-00277-VKD |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)** |
| TWITTER, INC., et al., | Re: Dkt. Nos. 1, 2 |
| Defendants. | |

Pro se plaintiff Erik Estavillo filed a complaint and application to proceed *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. The Court grants Mr. Estavillo's IFP application. Having screened the complaint pursuant to 28 U.S.C. § 1915(e), the Court further finds that the complaint currently does not state a claim on which relief may be granted. Mr. Estavillo may file an amended complaint that addresses the deficiencies identified in this screening order by **February 18, 2021**.

I.   **BACKGROUND**

Mr. Estavillo purports to sue Twitter, Inc. ("Twitter"), U.S. Representative Alexandria Ocasio-Cortez, and U.S. Representative Ilhan Omar. Dkt. No. 1 ¶¶ 8-10. The complaint does not enumerate any particular claims for relief, except to the extent it relies on jurisdiction "under the First Amendment to the U.S. Constitution, the Americans with Disabilities Act ('ADA'), and other Federal statutes." *Id.* ¶ 5.

Mr. Estavillo says that he "suffers from a myriad of health issues" and therefore "rarely leaves the house . . . and heavily relies on Twitter for political discourse, debates, arguments, and relies on the fairness of hearing all sides of a political story and needs to hear voices from the full

political spectrum on Twitter to make informed decisions . . . ." *Id.* ¶ 12. He alleges that Twitter's decision to ban President Donald Trump's Twitter account while allowing Rep. Ocasio-Cortez and Rep. Omar to continue using Twitter's services violates the First Amendment. *Id.* at 1–2, ¶¶ 1-4, 15-16.

Mr. Estavillo requests the following relief from the Court: that Twitter be required to reinstate President Trump's Twitter account and "pay reparations in the form of punitive damages in the amount of $88.7 million dollars for each follower that was, without a doubt, emotionally and mentally damaged as a result of the President's ban"; and that Twitter "cancel[]" Rep. Ocasio-Cortez's and Rep. Omar's Twitter accounts. *Id.* at 10.

## II. LEGAL STANDARD

The Court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a).

The Court has a continuing duty to dismiss a case filed without the payment of the filing fee under 28 U.S.C. § 1915(e) whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To make this determination, courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), a complaint (or portion thereof) should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

## III. DISCUSSION

### A. IFP Application

The Court finds that Mr. Estavillo has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore grants his IFP application.

### B. Review of the Complaint

Based on his assertion of jurisdiction under the First Amendment and the ADA, the Court construes Mr. Estavillo's complaint as asserting claims for violation of his First Amendment rights and for violation of the ADA. Dkt. No. 1 ¶ 5.

#### 1. First Amendment

To the extent Mr. Estavillo's allegations concern defendants operating in their official capacities as federal government representatives or agents, the Court construes his complaint as seeking relief under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Ninth Circuit has recently observed that "[t]he Supreme Court has never explicitly recognized a *Bivens* remedy for a First Amendment claim." *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018). In any event, the Court finds that Mr. Estavillo has not stated a claim under *Bivens*.

Alternatively, the Court construes the claim against defendant Twitter as one brought under 42 U.S.C. § 1983. *See* Dkt. No. 1 ¶¶ 1-4. To state a claim for relief under § 1983, Mr. Estavillo must plead facts showing that Twitter, acting under color of state law, proximately caused a violation of Mr. Estavillo's constitutional or other federal rights. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Mr. Estavillo has not pled any plausible facts or legal theory that Twitter qualifies as a "state actor" within the meaning of § 1983. *See, e.g.*, *Prager Univ. v. Google LLC*, 951 F.3d 998 (9th Cir. 2020) (rejecting theory of state action that the ubiquity of YouTube's service is analogous to a private entity assuming the traditional functions of

1    government in operating a company town based on *Marsh v. Alabama*, 326 U.S. 501 (1946));

2    *Divino Grp. LLC v. Google LLC*, No. 19-cv-04749-VKD, 2021 WL 51715, at *4–5 (N.D. Cal.

3    Jan. 6, 2021) (plaintiffs failed to state a claim for First Amendment violation against Google and

4    YouTube based on theory that defendants' hosting of speech on a private platform is the

5    equivalent of a traditional and exclusive government function); *Lewis v. Google*, 461 F. Supp. 3d

6    938, 955–56 (N.D. Cal. May 20, 2020) (dismissing § 1983 claim for failure to plead state action);

7    *Wilson v. Twitter*, No. 3:20-cv-00054, 2020 WL 3410349, at * (S.D.W. Va. May 1, 2020)

8    (finding that plaintiff "fail[ed] to state a plausible First Amendment claim against Twitter because,

9    notwithstanding that it has created a forum for hosting speech, Twitter is a private entity and is not

10   subject to the state-action doctrine").

11   Accordingly, the Court finds that Mr. Estavillo has failed to state a claim for violation of

12   his First Amendment rights against any defendant, under *Bivens* or 42 U.S.C. § 1983.

### 2.   ADA

To the extent Mr. Estavillo wishes to assert a claim for violation of his rights under the ADA, the complaint as currently drafted fails to state such a claim. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Mr. Estavillo describes numerous health conditions that prevent him from leaving his home, but he otherwise does not refer to any kind of disability. Dkt. No. 1 ¶ 12. He does not provide any facts that explain how any of the defendants denied him any service or public accommodation based on any purported disability.

To the extent Mr. Estavillo seeks to bring a claim under Title II of the ADA, Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" includes "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." *Id.* § 12131. Here, Mr. Estavillo does not provide any facts that would suggest that any of the defendants are agents or

instrumentalities of a state or a state or local government. He also does not provide any facts to suggest that defendants excluded him from participation in or denied him the benefits of any service, program, or activity because of his disability.

Accordingly, Mr. Estavillo fails to state a claim under the ADA.

### C.     Consent/Declination to Magistrate Judge Jurisdiction

Under 28 U.S.C. § 636(c)(1), a magistrate judge may conduct all proceedings in a civil case "[u]pon the consent of the parties." Mr. Estavillo is asked to file a consent or declination by **February 18, 2021**. If he does not submit the consent/declination form[1] by that date, the case will be reassigned to a district court judge.

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Estavillo's IFP application. After screening the complaint pursuant to 28 U.S.C. § 1915(e), the Court finds that the complaint fails to state a claim. Mr. Estavillo may file an amended complaint addressing the deficiencies identified in this order by **February 18, 2021**. If Mr. Estavillo fails to file an amended complaint by that date, or the amended complaint fails to cure all defects, the Court will issue an order reassigning the case to a district judge with a recommendation that either the complaint be dismissed in whole or in part or that the case be dismissed in its entirety.

The Court encourages Mr. Estavillo to seek out the assistance of the Federal Pro Se Program, which offers free legal information for pro se litigants. While the Program does not provide legal representation, a licensed attorney may assist Mr. Estavillo in determining whether he has viable claims and may provide guidance regarding how to properly plead them. The Program's phone number is (408) 297-1480. More information on the Program is available on the Court's website at https://cand.uscourts.gov/helpcentersj.

Mr. Estavillo may also wish to consult a manual the Court has adopted to assist pro se litigants in presenting their case. An online version of the manual, as well as other free information for pro se litigants, is available on the Court's website at https://cand.uscourts.gov/

---

[1] The consent/declination form is available on the Court's website at https://www.cand.uscourts.gov/wp-content/uploads/forms/civil-forms/MJ_Consent-Declination_Form_10-2020.pdf.

5

pro-se.

**IT IS SO ORDERED.**

Dated: January 19, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge